WOLFGRAM, Appellant, v. DILL et al, Respondents.

(166 N. W. 309.)

(File No. 4229. Opinion filed February 14, 1918.)

**1. Appeals—Error—New Trial—Instructions—Former Decision as Law of Case—Rule.**

The principles of law, involving instructions of the trial court, announced by Supreme Court on formal appeal, became the law of the case, and instructions in harmony with those principles, and requested by appellant, were erroneously refused.

**2. Trials—Instructions—Land Sale—Right to Buy Cheap and Make Profits—Non-applicable Instruction re Agents.**

Where, in a suit for damages for fraud and deceit in connection with a land purchase, in which agents of the land owner conspired to induce plaintiff to purchase at more than its value, trial court instructed that every man has a right to buy land as cheap as he can, and to sell for as much as he can get for it, and to make as big profits as he can, held, that such instruction has no application to a transaction in which defendants neither owned nor bought the land in question, nor had any interest therein, but were acting merely as selling agents and at a price fixed by owner.

**3. Brokers—Land Agent, Agents' Compensation, Agreement as Basis—Distinguished From Owner's Right to Profit.**

When one is selling land merely as an agent, his profit is limited to the commission or other compensation agreed to be paid him by owner, and the profit resulting from a sale at an advanced price inures to benefit of the owner, and not to the agent.

**4. Conspiracy, Land Sale, Fraud re Co-conspirators, Liability, Date of Entering Conspiracy, Effect.**

Where evidence showed real estate agents, by fraud and deceit, induced plaintiff to contract for an exchange of Virginia land for land in South Dakota listed for sale with two of four defendants who were sought to be held as such fraudulent conspirators, the contract not having been authorized by owner of the South Dakota land, nor ratified by him, who refused to sell unless a cash payment, which such agents were unable to raise, was made; they having then arranged with one V. to furnish necessary financial aid to consummate the transaction, he having taken an active part therein, practi-

cally took over the transaction, and evidently reaped all the profit; **held**, that, because of said facts, the execution of the contract and its date are immaterial; that if V., as claimed and shown, went to Virginia in furtherance of the transaction, corroborated certain false representations theretofore made by the co-defendant's agents and otherwise took an active interest in consummation of the deal, and was instrumental in bringing about its consummation thereby, he then became as much a conspirator as any of the other defendants, although his connection with the deal and the conspiracy commenced after execution of the contract.

Appeal from Circuit Court, Jerauld County. Hon. FRANK B. SMITH, Judge.

Action by Albert Wolfgram, against E. E. Dill and others, to recover damages for fraud and deceit in connection with an exchange of lands. From a judgment for defendant, and from an order denying a new trial, plaintiff appeals. Reversed, and new trial ordered.

*Edward E. Wagner*, and *J. G. Bradford*, for Appellant.

*Null & Royhl*, and *Chas. R. Hatch*, for Respondents.

(4)    To point four of the opinion, Respondents cited: Mech. on Agy. Sec. 797.

POLLEY, J. This case was here on a former appeal. It will be found reported in 37 S. D. 282, 157 N. W. 1059, and reference is made to that report for a statement of the facts. The case was retried, and, from a judgment for defendants, plaintiff appeals. While there was some additional testimony at the second trial, there was no material change in the facts. Appellant relies upon errors of the trial court in the giving of certain instructions to the jury and in the refusal to give other instructions requested by appellant.

[1]   In the opinion filed by this court on the former appeal, certain principles of law are announced as applicable to the facts in this case. Appellant submitted proposed instructions in harmony with those principles, and requested the trial court to give them to the jury, but the request was refused. The principles of law so announced by this court became the law of the case, and the instructions should have been given as requested. It is contended by respondent that the substance of the requested instructions was embodied in the instructions as given by the court. This, in part, is true, but it was in a fragmentary

form, and so interspersed with and qualified by other parts of the court's charge as to have little or no force with the jury.

[2, 3]    The instructions of the court are very voluminous, and the exceptions thereto taken by appellant are too numerous to be reviewed in detail. The instructions given by the court are based upon an entirely wrong theoryy of the case, and were very prejudicial to the appellant. Among other instructions, the court charged the jury as follows:

"Every man has a right to buy land as cheap as he can buy it, and sell it for as much as he can get for it, and to make as big profits as he can."

While this may be true in the abstract, it has no application to the facts in this case. Respondents did not buy the land in question and never owned any interest in it. They were merely acting as agents to sell the land for the owner and at a price that had been fixed by him. Of course a man has a right to buy land as cheaply as he can, and there is no limit to the profit he is entitled to make by selling such land at an advanced price. But when a man is selling land merely as an agent for another, then his profit is limited to the commission or other compensation agreed to be paid such agent by the owner, and the profit, if any, that results from selling at an advanced price inures to the benefit of the owner, and not to such agent.

[4]    Again, the court charged the jury that:

"If the testimony and the evidence of the witnesses fail to prove that the Vesseys were connected with the deal or united in the conspiracy prior to the consummation of the contract between Dill and Wolfgram on July 19, 1911, then in that instance you must render your judgment in favor of the defendants T. F. and F. G. Vessey."

This instruction amounted to a direction of a verdict in favor of F. G. Vessey because he does not appear to have had any connection with the transaction until after that date. The purported contract was executed by Dill as agent for W. S. Eagle, the owner of the land that was sold to appellant, but it had not been authorized by Eagle, and was never ratified by him. No cash payment was provided for by the terms of that instrument, and Eagle refused to sell his land unless he received a

cash payment of $2,600. But neither Dill nor T. F. Vessey had this amount of cash to put into the transaction, nor do they appear to have been able to raise the same. They tried to borrow this amount from F. G. Vessey, but he refused to loan to them. He was willing, however, upon sufficient inducement, to put that much moneyy into the enterprise, and a new arrangement was made whereby he was to have mortgages aggregating $4,400 on the Eagle land, and appellant's farm in Virginia was to be deeded to him. After this arrangement was made, he took an active part in the consummation of the deal. In fact, from that time on, he practically took over the entire transaction. He went to Virginia and examined appellant's farm. Upon his return he agreed to pay, and afterward did pay, Eagle the $2,600. He took mortgages on the Eagle land amounting to $4,400. Appellant's farm in Virginia was conveyed to him. He furnished all the financial aid necssary to consummate the transaction, and appears to have reaped all the profit. Indeed, so far as appears from this record, but for his assistance, the deal could not have been consummated at all. In explanation of this feature of the situation he claims that he traded Dill a piece of property in Omaha for appellant's farm in Virginia and had the Virginia land deeded directly from Wolfgram to himself; but it is a significant fact that the title to the Omaha property was taken in F. G. Vessey's name, and retained by him until it was sold; that it was sold by him without consulting Dill; and that Dill has never claimed nor received any part of the proceeds therefrom. Because of the foregoing facts, the execution of the said contract and the date of the execution thereof are wholly immaterial. If F. G. Vessey went to Virginia in the furtherance of the transaction with appellant, and corroborated the representations that had been made to appellant by Dill or Smith, and otherwise took an active interest in the consummation of the deal, and was instrumental in bringing about a consummation thereof, then he became as much a conspirator as either of the other respondents, if in fact a conspiracy existed.

We believe we have said enough to indicate the views of this court as to the law applicable to the case, and that the same can be disposed of by the trial court without further difficulty.

The judgment and order appealed from are reversed, and a new trial ordered.